IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 16, 2005

## EDWARD JEROME JOHNSON V. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-B-956    Steve Dozier, Judge**

No. M2004-00922-CCA-R3-PC - Filed June 3, 2005

Petitioner, Edward Jerome Jones, filed a *pro se* petition for post-conviction relief, as amended after the appointment of counsel, arguing that he received ineffective assistance of counsel in connection with the negotiation and entry of Petitioner's best interest plea. Specifically, Petitioner alleges that his trial counsel failed to advise him of the evidence against him or allow him to listen to certain audio tapes, and that trial counsel failed to file a motion to dismiss the charges against Petitioner. After a review of the record in this matter, we affirm the trial court's dismissal of Petitioner's petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Edward Jerome Johnson.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Amy H. Eisenbeck, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Petitioner was indicted on one count of sale of twenty-six grams or more of cocaine, a Class B felony; possession of twenty-six grams or more of cocaine with the intent to sell, a Class B felony; and conspiracy to sell more than three hundred grams of cocaine, a Class A felony. The offenses arose out of a series of drug purchases between Kenneth Whitsey, Petitioner's co-defendant, and a confidential informant. Petitioner entered into a negotiated plea agreement in which he pled guilty to the sale and felony possession offenses. In exchange, the State agreed to dismiss the conspiracy charge and a second, unrelated charge. The trial court imposed the recommended sentence of eight

years as a Range I offender for each conviction, and ordered the sentences to be served concurrently, for an effective sentence of eight years.

At the post-conviction hearing, Petitioner denied that he committed the offenses to which he pled guilty. Petitioner said that he was visiting Mr. Whitsey's apartment on December 18, 2001. Mr. Whitsey told Petitioner to go into the bedroom because he had "some business to take care of." Mr. Whitsey closed the bedroom door, and Petitioner remained in the bedroom for twenty or thirty minutes before Mr. Whitsey knocked on the door and told Petitioner to come out. Petitioner said he did not see anyone enter or leave the apartment during that time, and did not know that Mr. Whitsey sold cocaine to a confidential informant while he was in the bedroom. Petitioner was sitting at the dining room table when police officers entered the apartment about fifteen minutes later. Petitioner did not have any drugs or weapons on him when he was arrested. Mr. Whitsey had $4,600 in his possession, and another $2,000 was later found behind a water heater in the hallway where Mr. Whitsey was standing when the police officers arrived.

Petitioner said that his trial counsel advised him to plead guilty to the charged offenses because Mr. Whitsey gave a written statement to the police claiming that he was only the middleman, and Petitioner supplied the drugs sold to the confidential informant. Petitioner said that his counsel did not show him Mr. Whitsey's statement, and he did not know whether or not Mr. Whitsey actually implicated Petitioner in the offenses. Petitioner said that Mr. Whitsey told some officers that Petitioner was not involved in the drug transactions. Petitioner said that he pled guilty, however, because he was not sure what the evidence would show, and because his trial counsel told him he would be sentenced to thirty-five years if he did not enter into a negotiated plea agreement.

Petitioner also said that his counsel did not let him listen to the seven audio tapes recorded by the informant during the drug purchases with Mr. Whitsey. Petitioner said that his voice did not appear on the tapes. In addition, Mr. Whitsey's girlfriend, Deborah Reffegee, told the investigating officers that Mr. Whitsey sold drugs from his apartment, but she did not implicate Petitioner in any of the transactions. Following his arrest on December 18, 2001, Petitioner said that he voluntarily gave the police officers the key to his apartment. The subsequent search of the premises did not disclose any drugs, money or weapons.

Justin Johnson, Petitioner's trial counsel, said that some cocaine, marijuana, and a set of scales was found in a jacket at Mr. Whitsey's apartment. Petitioner later admitted the jacket belonged to him. Mr. Johnson said that he listened to all of the audio tapes recording the informant's drug purchases from Mr. Whitsey and took detailed notes. Mr. Johnson conceded that he did not give the tapes to Petitioner until after the plea submission hearing, but he said that he discussed with Petitioner the notes he had taken from the tapes prior to the entry of the guilty pleas.

Mr. Johnson said that he was not aware that Mr. Whitsey had given a written statement to the police but confirmed that Mr. Whitsey had orally told the investigating officers that Petitioner supplied the drugs that Mr. Whitsey sold to the informant. A detective with the Metro Nashville

Police Department testified to the substance of Mr. Whitsey's statements at Petitioner's bond hearing.

Mr. Johnson said that in August, 2002, the case was set for trial in the spring of 2003. In October, Petitioner contacted Mr. Johnson and asked him to reopen plea negotiations. In his letter dated October 18, 2002, confirming their conversation, Mr. Johnson wrote:

> In response to your request on taking your case off the trial docket and putting it back on the settlement docket, I have got a settlement court date of Thursday, November 7, 2002, at 9:00 a.m.
>
> I spoke with the D.A., and she will still offer the eight year sentence at 30%. I spoke about other possibilities, but she is set on this. I think you have made a good decision. Eight years at 30% is about 29 months that a person would have to do before being eligible for parole. This is less jail credits, and you have been in almost ten months which gives you an extra eight days a month so you have ten months plus 80 days to your credit already which is almost thirteen months. You will earn extra credits when you plea, and many drug charges are meeting the parole board early because of jail crowding.

On cross-examination, Mr. Johnson said that he visited Petitioner between four and seven times prior to the guilty plea submission hearing. Mr. Johnson said he gave Petitioner copies of all of the discovery material provided by the State. Although there was no evidence that Petitioner personally sold drugs to the confidential informant, the evidence showed that Petitioner was in Mr. Whitsey's company prior to and after the sales. Mr. Johnson said that he discussed with Petitioner the possibility of filing a motion to dismiss but ultimately concluded that the motion would not be successful in light of Mr. Whitsey's accusations. Mr. Johnson did not think a motion to suppress would have been successful because Petitioner was only a visitor at Mr. Whitsey's apartment, and he was never charged for the drugs and drug paraphernalia found in his jacket.

Mr. Johnson agreed that Mr. Whitsey told certain police officers that Petitioner was not involved in the drug transactions, but he said this only when either Petitioner or members of his family were around. Mr. Johnson said that one of the biggest obstacles Petitioner would have to face if the matter was resolved unfavorably at trial was his prior criminal record. This record included eight felony convictions which would have exceeded the number of convictions needed to classify Petitioner as a career offender for sentencing purposes. Mr. Jones said that he told Petitioner that as a career offender he was potentially facing between twenty and thirty years for the Class B felony charges and forty to sixty years for the Class A felony charge.

Based on the evidence presented at the post-conviction hearing, the trial court found that Petitioner had not met his burden of showing by clear and convincing evidence that Mr. Johnson had rendered ineffective assistance of counsel and dismissed Petitioner's petition for post-conviction relief.

**II. Ineffective Assistance**

A petitioner seeking post-conviction relief must establish his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f)(1997). However, the trial court's application of the law to the facts is reviewed *de novo*, without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to de novo review. *Id.*; *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must establish that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he must show that counsel's ineffective performance actually adversely impacted his defense. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984). In reviewing counsel's performance, the distortions of hindsight must be avoided, and this Court will not second-guess counsel's decisions regarding trial strategies and tactics. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982). The reviewing court, therefore, should not conclude that a particular act or omission by counsel is unreasonable merely because the strategy was unsuccessful. *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065. Rather, counsel's alleged errors should be judged from counsel's perspective at the point of time they were made in light of all the facts and circumstances at that time. *Id*. at 690, 104 S. Ct. at 2066.

A petitioner must satisfy both prongs of the *Strickland* test before he or she may prevail on a claim of ineffective assistance of counsel. *See Henley v. State,* 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. *Id.* Failure to satisfy either prong will result in the denial of relief. *Id.* Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

Petitioner argues that his trial counsel failed to apprize him of the nature of the evidence against him, and that his failure to file a motion to dismiss the charges constituted ineffective assistance. Mr. Johnson testified that he discussed the evidence with Petitioner, including the substance of the audio tapes of the informant's drug purchases from Mr. Whitsey, and gave Petitioner copies of all of the State's discovery material. Petitioner was present at the preliminary hearing and the bond hearing where witnesses testified as to the evidence against him. Mr. Johnson said that he discussed the possibility of filing a motion to dismiss with Petitioner but ultimately concluded that the motion would not be successful in light of Mr. Whitsey's statements that Petitioner supplied the drugs which he sold to the confidential informant. Petitioner requested his trial counsel to pursue plea negotiations.

The trial court accredited the testimony of Mr. Johnson at the post-conviction hearing, and found that Petitioner was aware of the charges and evidence against him and made an informed

decision to enter a plea of guilty. The evidence does not preponderate against the trial court's findings that Mr. Johnson rendered effective assistance of counsel, or that Petitioner had failed to show that he was prejudiced by Mr. Johnson's failure to file a motion to dismiss.

After review of the record in this matter, we find that the trial court did not err in dismissing Petitioner's petition for post-conviction relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE